## DAMAGES FOR WRONGFULLY ATTACHING PROPERTY.

Circuit Court of Cuyahoga County.

GLENN E. GRISWOLD AND THE BANKERS SURETY COMPANY V. HELEN TUCKER.

Decided, February 5, 1912.

*Bond of Justice of the Peace—Surety Liable for Misconduct of Special Constable—Statute of Limitations.*

The obligation on the part of a surety on the official bond of a justice of the peace to respond in damages to one who has been injured by the misconduct and illegal acts of a special constable arises out of the bond on which he is surety, and the limitations on an action brought to enforce such obligation is ten years.

*C. A. Dille,* for plaintiff in error.
*Harry F. Payer* and *H. A. Cummings,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

On the 8th day of August, 1902, the plaintiff in error, Glenn E. Griswold, was a justice of the peace in and for the township of Collinwood, in Cuyahoga county, and the plaintiff in error, the Bankers Surety Company, was surety on his official bond. On the day mentioned, the said Glenn E. Griswold, in a certain action pending in the court of said justice appointed one R. A. Hudson special constable for the purpose of attaching certain property of the defendant in that action, under an order of attachment issued therein. Hudson, acting as such special constable, wrongfully attached and held property belonging, not to the defendant in said action, but to Helen Tucker, the defendant in error, who in another suit begun in the court of another justice of the peace against Hudson recovered a judgment against him on the 20th day of August, 1902, for the value of the property wrongfully attached and damages for its illegal detention. This judgment not being satisfied, the defendant in error, on May 26, 1909, brought suit against the plaintiffs in error in the court of common pleas to recover the amount adjudged her in her ac-

tion in the justice court, and other damages suffered by her on account of the misconduct and illegal acts of the said special constable.   In the court below the defendant in error recovered a judgment against the plaintiffs in error, which the latter seek in this proceeding to have reversed.

The plaintiffs in error contend that the cause of action sued upon was barred by the statute of limitations, and that the trial court erred in not so holding.

This contention is based upon the claim that the cause of action set forth in the petition is governed by the limitation prescribed by Section 11222, General Code, which contains a provision, in substance, that an action upon a liability created by statute, other than a forfeiture or penalty, can only be brought within six years after the cause of action accrues.

The defendant in error contends that Section 11226, General Code, controls the time within which her action could be brought. This section is as follows:

"An action upon the official bond or undertaking of an official, assignee, trustee, executor, administrator or guardian, or upon a bond or undertaking given in pursuance of a statute, can only be brought within ten years after the cause of action accrues; but this section shall be subject to the qualifications in section forty-nine hundred and seventy-six."

A determination of the nature of the cause of action contained in the petition of the plaintiff in the court of common pleas will decide which of the sections of the statutes referred to should govern.   If the cause of action is one founded upon a liability created by statute, it would be barred in six years; if the action is upon the official bond of the plaintiff in error, Glenn E. Griswold, the time would be ten years.

The authority for the appointment of a special constable by a justice of the peace is found in Section 3333, General Code, which, after conferring the power upon the justice to make such appointment in certain cases, provides:

"Such justice shall stand as surety, and shall be in that character liable, he and his sureties, for any neglect of duty or any illegal proceedings on the part of such constable so by him appointed."

The only obligation of the sureties on the bond of a justice of the peace must be based upon the bond itself. Their liability arises by reason of their having signed the bond. In executing that instrument as sureties they would be held, however, to have acted in contemplation of the law making them liable with their principal for the neglect of duty, or illegal proceedings on the part of any special constable. The law fixing this liability would, in legal effect, become a part of the terms of the bond itself, whether written therein in express terms or not. The obligation on the part of a surety to a justice of the peace to respond in damages to one who has been injured by the misconduct and illegal acts of a special constable would, therefore, arise out of the bond on which he is surety, and the liability of his principal, the justice of the peace, would be of the same nature.

In reaching this conclusion we are supported by the authority of *Dummick* v. *Howitt*, 40 O. S., 646, where it was held:

"Under a bond given by a justice of the peace conditioned as required by Section 579 of the Revised Statutes, the sureties are liable for any neglect of duty or any illegal proceedings on the part of a constable appointed by said justice under Section 6685, by virtue of Section 6687."

The liability of the plaintiffs in error to answer for the wrongful acts of the special constable is founded on the official bond, given by one of them as principal and the other as surety, and the petition itself shows that the bond is made the basis of the action. Section 11226, General Code, therefore, fixes the time within which the action must be brought, which is ten years, and since that time had not elapsed when the action was started, the claim sued upon was not barred, and the court below committed no error in so deciding.

We find no error in any of the other matters complained of in the petition in error, and the judgment of the court of common pleas is affirmed.